# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ESTATE OF JUDITH WEISER, by Its Personal Representative Douglas Weiser,

Plaintiff

v.

U.S. BANK NATIONAL ASSOCIATION

Defendant

C.A. No. 1:25-cv-00278-CFC

## STIPULATION AND [PROPOSED] ORDER REGARDING PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION IN DISCOVERY

WHEREAS, this matter having come before the Court by stipulation of Plaintiff the Estate of Judith Weiser ("the Estate"), Defendant U.S. Bank National Association ("U.S. Bank") (together with the Estate, the "Parties"), for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) in the above-captioned action (the "Litigation");

WHEREAS, the parties to the Litigation are engaged in discovery proceedings, which include, among other things, taking depositions, responding to document requests and interrogatories, and producing documents; and

WHEREAS, those discovery proceedings may involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential, as defined below;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court and pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulation and [Proposed] Order for the Production and Exchange of Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1.      A party producing Discovery Material in this Litigation, including any third-party producing Discovery Material in this Litigation subject to a subpoena or third-party witness testifying under subpoena (hereinafter, a "Producing Party"), may designate any Discovery Material they have themselves produced as "Confidential" under the terms of this Stipulation if such Producing Party has good cause to believe that such Discovery Material satisfies the definition of Confidential Discovery Material.

2.      This Stipulation does not itself provide authority for any Party or non-party to designate documents as Confidential Discovery Material that they did not

themselves produce. Nothing in this Order, however, prejudices the rights of any Party or non-Party from seeking confidential protection from the Court regarding discovery produced by other Parties or non-Parties.

3.    Confidential Discovery Material is defined as, and shall be limited to, any Discovery Material that contains: (1) trade secrets; (2) proprietary information, including but not limited to competitively sensitive technical, marketing, financial, sales, or other confidential business information; (3) private or confidential personal information; (4) information received in confidence from third parties; (5) information that may cause substantial harm to the Producing Party's business, reputational, or other interests if the information is disclosed (whether or not pursuant to the terms of this Order); or (6) any information which any Producing Party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c) and Local Civil Rule 26.2.

4.    Confidential Discovery Material shall not include, inter alia: (i) information in the public domain; (ii) information already known by the receiving party through proper means which does not involve a breach of this Stipulation; (iii) information that is or becomes publicly available in substantially the same form in which it is produced, but not if such information becomes publicly available as a result of a breach of this Stipulation; or (iv) information that is

3

voluntarily de-designated by the Producing Party or, in the event of multiple designating parties, each such designating party.

5.      The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

A.      In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g. , CD-ROM, DVD).

B.      In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within thirty (30) calendar days of the receipt of the deposition transcript (or transcript of other pretrial testimony); provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. Until the expiration of the thirty days following the receipt of the relevant transcript, the entire transcript (including any exhibits) shall be presumptively treated as

4

Confidential Discovery Material (to the extent that any portions were not already designated as Confidential Discovery Material on the record during the deposition). The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

C.    In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

6.    The designation of Discovery Material as Confidential Discovery Material shall constitute a representation by the Producing Party that such Discovery Material has been reviewed by an attorney representing the Producing Party, and that there is good cause for such designation.

7.    Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such designation and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, by notifying in writing and within thirty (30) calendar days of discovery of the inadvertent production, the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery

5

Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material within seven (7) business days of receipt of written notice of the inadvertent production, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation; and (iv) to ensure that any such Confidential Discovery Material, and any information derived therefrom, is used solely in connection with the Litigation and in accordance with the terms of this Stipulation.

8.    Confidential Discovery Material may be used, disclosed, summarized, described, characterized, or otherwise communicated or made

available in whole or in part only for the purpose of advancing the disclosing Party's claims or defenses in the Litigation, and for no other purpose.

9.    Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons, and may be used by the following persons solely in connection with the above-captioned Litigation and in accordance with the terms of this Stipulation:

A.    Counsel who represent Parties in this Litigation (including in-house counsel) whether or not they have entered an appearance in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

B.    Experts, advisors, or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation.  Prior to the disclosure of the Confidential Discovery Material, counsel for the disclosing Party shall deliver a copy of this Stipulation to such expert, advisor, or consultant, shall explain its terms

7

to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A, and shall follow the requirements set forth in Paragraph 13 below. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation by any such expert, advisor, or consultant, to promptly notify counsel for the Producing Party of such breach or threatened breach;

C.    Witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation, provided that: (i) any witness or deponent shall first be advised that such Confidential Discovery Material is being disclosed pursuant to the terms of this Stipulation and may not be disclosed other than pursuant to the terms of this Stipulation, (ii) such person and his/her counsel confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record and/or by signing an understanding in the form attached as Exhibit A, or a court of competent jurisdiction orders them to abide by the terms of this Stipulation; and (iii) any such person and their counsel are not permitted to retain the Confidential Discovery Material after the witness is examined regarding the Confidential Discovery Material;

. D.    Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the

8

author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

E.    Mock jury participants, provided, however, that prior to the disclosure of Confidential Discovery Material to any such mock jury participant, counsel for the Party making the disclosure shall deliver a copy of this Stipulation to such person, shall explain that such person is bound to follow the terms of this Stipulation, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A, which signed form counsel for the Party making the disclosure shall retain;

F.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, deposition, or other proceeding in this Litigation or any appeal therefrom, and any mediator or arbitrator employed by the Parties or the Court as well as any staff of such mediator or arbitrator; and;

G.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party whose Confidential Discovery Material is being disclosed; provided, however, that such person signs an undertaking in the form attached as Exhibit A hereto, which signed form counsel for the Party making the disclosure shall retain.

9

10.    Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any persons named in Paragraph 9 and under the same circumstances (i.e., witnesses may be provided with Confidential Discovery Material to the extent that it is anticipated they may be examined on it at their deposition) as well as any of the categories of persons listed below, and may be used by those persons solely in connection with the above-captioned Litigation and in accordance with the terms of this Stipulation:

A.    The Parties (including the beneficial owner of the Policy and its advisors and consultants) and their directors, officers, employees, general partners, limited partners, and agents, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record and provided that prior to the disclosure of Confidential Discovery Material to any such person, counsel for the Party making the disclosure shall explain that the Confidential Discovery Material is confidential and must be freated in accordance with this Stipulation;

B.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party whose Confidential Discovery Material is being

10

disclosed; provided, however, that such person signs an undertaking in the form attached as Exhibit A hereto, which signed form counsel for the Party making the disclosure shall retain;

C.    Auditors of any Party, and insurers and reinsurers of any Party, who have been advised of their obligations hereunder

11.    Confidential Discovery Material may be provided to persons listed in Paragraphs 9 and 10 above only if the disclosure is made for the purpose of advancing a Party's claim or defense in the Litigation, and for no other purpose. Confidential Discovery Materials may be used by those receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Litigation, and not for any business, commercial, or other purpose whatsoever, or in connection with any other litigation or proceeding; provided, however, that the foregoing shall not apply to Confidential Discovery Material that is or becomes part of the public record.

12.    If a Party wishes to disclose Confidential Discovery Material to a person identified in Paragraph 9(G) and consent is withheld, or the Party seeking to make the disclosure and the Producing Party are unable to agree on the terms and conditions of the disclosure, the Party seeking to make the disclosure may submit the matter to the Court for resolution. The Confidential Discovery Material shall not be disclosed unless or until the Court approves such disclosure.

11

13. Prior to a Party giving, showing, disclosing, making available or communicating Confidential Discovery Material to any consultant or expert with expertise relating to banking or financial services who has within the last three (3) years worked or consulted for a bank or other institution providing any form of financial services — which specifically does not include any trial consultants, graphic or audiovisual consultants ("Financial Industry Expert or Consultant"), the party shall:

A. Serve a notice on all other Parties, identifying the Financial Industry Expert or Consultant and attaching the most recent curriculum vitae or resume of the Financial Industry Expert or Consultant.

B. Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the Financial Industry Expert or Consultant and including all the information to be completed therein.

C. The Producing Party shall be entitled to object to such disclosure to the expert or consultant within seven (7) days after receipt of the information required by Sections 13 A-B by stating specifically in writing the reasons why such Financial Industry Expert or Consultant should not receive the Designated Material. The Producing Party and the Receiving Party shall

12

confer within three (3) days of the objection and attempt in good faith to resolve the objection.

D.    If the Parties are unable to agree on the disclosure to the Financial Industry Expert or Consultant, the party objecting to such Financial Industry Expert or Consultant may apply to the Court for an order that disclosure is improper. The burden of establishing good cause why the disclosure should not be made rests with the objecting party. If the objecting party does not apply to the Court within seven (7) days of its objection, the objection shall be deemed withdrawn and waived.

E.    No disclosure of the Designated Material shall be made to the proposed Financial Industry Expert or Consultant until the time for serving objections to that Financial Industry Expert or Consultant has passed, or, in the event that a written objection is timely served and a submission to prevent disclosure is made to the Court, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

14.    To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

15. Every person to whom Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part (a "Receiver"), shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each Receiver shall maintain the Confidential Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing (or which has previously issued) a subpoena to a non-Party shall provide a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

16. The designation of Discovery Material as Confidential Discovery Material is subject to challenge by any Party or non-party. The following procedure shall apply to any such challenge.

A. During the pendency of the Litigation, any party may object ("Objecting Party") to the designation of any Discovery Materials as Confidential Discovery Material, by identifying for the Producing Party the disputed Discovery Materials and providing the basis for contending that the Discovery Materials are not properly designated as Confidential Discovery Material. If the parties cannot resolve the objection through good faith efforts (including meeting and conferring) within thirty (30) calendar days,

14

the Producing Party shall file a motion with the Court seeking an order maintaining the designation. If the Producing Party does not file a motion within thirty (30) calendar days, unless the parties agree to an extension of time, then the disputed Discovery Material shall no longer be treated as Confidential Discovery Material. In the event a party files a motion with the Court seeking an order maintaining the designation of Discovery Materials as Confidential Discovery Material, the Producing Party shall have the burden of proving that the corresponding designation is justified and necessary. While such a motion is pending, the Discovery Materials in question shall be treated as Confidential Discovery Material pursuant to this Stipulation. If the Court determines that any documents or information are not properly designated as Confidential Discovery Material, the Parties will continue to treat the Discovery Material as Confidential Discovery Material for a period of fourteen (14) calendar days following entry of such order, during which time the Producing Party may apply to the Court for a stay of such order pending an interlocutory appeal of the Court's order. If such an appeal is taken and/or such motion is made, then the Parties shall continue to treat the Discovery Material as Confidential Discovery Material until any such interlocutory appeal and/or motion is resolved. If no such appeal is taken and/or no such motion for a stay pending interlocutory appeal is made,

15

the confidential treatment of the Discovery Material shall end at the expiration of the fourteen (14) calendar day period.

B.    If the Producing Party is unsuccessful in defending the designation of Discovery Materials as Confidential Discovery Material, the Producing Party shall produce a new version of the documents without the "Confidential" notation and, if necessary, file and serve an amended public version of any court papers that were filed under seal with the Court because it was claimed to contain Confidential Discovery Material.

17.    This Stipulation does not alter, waive, modify, or abridge any right, privilege, or protection from discovery otherwise available to any Producing Party with respect to the discovery of matters, including but not limited to any Producing Party's right to assert the attorney-client privilege, the work product doctrine, or other privileges or immunities from discovery, or any Producing Party's right to contest any such assertion.

18.    Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

A.    Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or

16

(ii) object to the production of documents or information it considers not subject to discovery;

B.    Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

C.    Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or any other type of confidential information;

D.    Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court as to whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

E.    Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F.    Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

G.    Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

17

H.    Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

19.    This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Discovery Material for any purpose.

20.    If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity. No Party may assert the inadvertent production as a basis for a claim that any privilege has been waived, and the receiving Party cannot use the Inadvertent Production Material in any way, whether in connection with such a claim or otherwise.

A.    A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

18

B.    If a claim of inadvertent production is made, pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) within seven (7) business days of being informed via written notice of the claim of inadvertent production make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact.

C.    A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

19

D.    Nothing in this Stipulation shall be deemed to waive any applicable common law or statutory privilege or work product protection.

21.    In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

22.    Any pleading, brief, memorandum, motion, letter, affidavit or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes or otherwise communicates Confidential Discovery Material shall initially be filed with the Court under seal following the Local Rules of Civil Procedure, Federal Rules of Civil Procedure, and CM/ECF procedures unless otherwise ordered by the Court, with hard copies to the Clerk containing the following language on the cover page: "CONFIDENTIAL - FILED UNDER SEAL." Thereafter, the Parties and/or Producing Party shall meet and confer to determine what, if any, information contained in the Filing shall be redacted, and a redacted version shall be filed within seven (7) calendar days after the initial filing of any such Filing under seal, in accordance with the Court's procedures. In the event that an agreement cannot be reached for a redacted Filing after any such Filing under seal, the party or non-party requesting the sealing of the Filing shall

20

apply to the Court for a determination as to what, if any, information in the Filing shall be sealed.

23.    Nothing in this Stipulation shall be construed to affect the use of any document, material, or information at any trial or hearing. Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material. In the event the Parties agree that the Confidential Discovery Material should be afforded confidential treatment at such hearing or trial or are unable to agree on whether such confidential treatment is appropriate, the Parties shall bring that issue to the Court's attention by motion or in a pretrial memorandum without disclosing the Confidential Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

24.    This Stipulation shall continue to be binding after the conclusion of the Litigation and all related proceedings, except that a Party or Receiver may seek the written permission of the Producing Party for relief from the provisions of this

25.    Stipulation on notice to all Parties, but the Producing Party shall be under no obligation to provide any such relief and may insist upon strict adherence to the requirements imposed by this Stipulation.

21

26.     Within thirty (30) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall: (a)(i) make a good faith and reasonable effort to return such material and all copies thereof to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such material; and (b) certify in writing to counsel for the Producing Party that all such materials have been searched for an either returned or destroyed. However, counsel for the Parties shall be entitled to retain court papers, motions, exhibits, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, motions, exhibits, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Producing Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

27.    If any Receiver receives a subpoena, motion to disclose, or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party within ten (10) business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation. The Receiver must afford the Producing Party an opportunity to prevent the disclosure of the Producing Party's information, but nothing in this Stipulation shall be construed to prohibit a Receiver from producing any Discovery Material, including Confidential Discovery Material, pursuant to a Demand prior to the date specified for production in the Demand. In no event shall the Receiver produce or disclose any Confidential Discovery Material until at least three (3) business days have elapsed since providing written notice to the Producing Party and all other Parties of the Demand unless the Receiver is prohibited by law, or court or regulatory order, from providing such notice. The burden of opposing the enforcement of the Demand will fall on the Producing

23

Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court, administrative agency, prosecutor, or law enforcement agency. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

28.    No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to a Party's attention, that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality

shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

29.    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as Confidential Discovery Material pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

30.    With regard to expert reports and testimony of the expert witness testifying in this action (the "Testifying Expert"), the parties agree that the following types of information (without limitation) shall not be the subject of discovery: (A) the content of communications (in whatever form, including oral, written, email, etc.) among and between: (1) counsel in this action and the Testifying Expert and their respective staffs; (2) the Testifying Expert and other expert witnesses in this action or consultants in this action and their respective staffs; and (3) the Testifying Expert and their respective staffs; and (B) notes, drafts, or other types of preliminary work created by, or for, the Testifying Expert. The protections against discovery contained in this section will not apply to any

25

communications (in whatever form), documents, data sets, analyses, or assumptions provided by the party's attorney, and that the Testifying Expert considered in forming his or her opinions or reports, or any communications (in whatever form) or documents relating to the Testifying Expert's compensation. Nothing in this section or Order shall be read to diminish the protections from discovery applicable to non-testifying, consulting experts. In addition, notwithstanding anything to the contrary, nothing in this section or Order limits or curtails protections from discovery available to a Producing Party under the applicable rules of civil procedure and/or evidence.

31. Compliance with Scheduling Order. To the extent there is any discrepancy between this Stipulation and the forthcoming Scheduling Order to be entered in the Litigation, the procedures set forth in the Scheduling Order shall govern.

*[Signatures follow on next page]*

Respectfully submitted,

**SHAW KELLER LLP**

/S/ Nathan R. Hoeschen
Nathan R. Hoeschen (No. 6232)
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
*Attorneys for Defendant U.S. Bank National Association*

-and-

OF COUNSEL:

**MORGAN LEWIS & BOCKIUS**
Matthew A. Martel
Joseph B. Sconyers
Joseph L. Brav
LLP One Federal Street
Boston, MA 02110
(617) 341-7700
matt.martel@morganlewis.com
joseph.sconyers@morganlewis.com
joseph.brav@morganlewis.com

**MORGAN LEWIS & BOCKIUS**
Peter M. Fay
LLP 101 Park Avenue
New York, NY 10178
(212) 309-6000
peter.fay@morganlewis.com

*Attorneys for Defendant U.S. Bank National Association*

Dated: July 24, 2026

Respectfully submitted,

**LAMB McERLANE PC**

/S/Charles T. Williams
Charles T. Williams, III Esquire (#4322)
Lamb McErlane PC
3411 Silverside Road
Ste 104B, Office 251
Wilmington, DE 19810
Tel.: (610) 701-3269
ctwilliams@lambmcerlane.com

-and-

OF COUNSEL:

**MARCUS & MARCUS, LLC**
Jerome M. Marcus*
Daniel C. Simons*
Isaac A. Binkovitz*
A. Mayer Kohn*
P.O. Box 212
Merion Station, PA 19066
Telephone: (215) 804-9666
Fax: (610) 664-1559
jmarcus@marcuslaw.us
dsimons@marcuslaw.us
ibinkovitz@marcuslaw.us
mkohn@marcuslaw.us
*Pro hac vice forthcoming*

*Attorneys for Plaintiff Estate of Judith Weiser*

27

SO ORDERED, on the ___24th___ day of ___July___, 2026

_____

The Honorable Chief Judge Colm F. Connolly

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ESTATE OF JUDITH WEISER, by Its
Personal Representative Douglas Weiser,

Plaintiff

v.

U.S. BANK NATIONAL ASSOCIATION,

Defendant

C.A. No. 1:25-cv-00278-CFC

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have read the terms and restrictions of the Protective Order entered in the above-captioned civil action. I certify that I understand and agree to the terms and conditions thereof. I further acknowledge and agree that by agreeing to be bound by said Order, I submit myself to the jurisdiction of this Court for purposes of the enforcement of said Order. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

_____
[Signature]

_____
[Printed Name]

_____
[Place of Employment]

29